UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
CASE NO:  3:14-cv-01897CSH

CSL SILICONES INC.,            )
Plaintiff,                     )
v.                             )
                               )
MIDSUN GROUP INC.,             )
Defendant.                     )
_____)


MOTION ON BEHALF OF DEFENDANT MIDSUN GROUP, INC. TO DISMISS
PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF


MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6) and L. Civ. R. 7(a), Defendant, Midsun Group, Inc. ("Midsun"), respectfully submits this motion and memorandum of law in support of its motion to dismiss Plaintiff, CSL Silicones Inc.'s ("Plaintiff" or "CSL") Complaint in this action on the basis that Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, the Defendant prays that this Court dismiss this action in its entirety with prejudice.

Preliminary Statement

Plaintiff filed the Complaint in this action on December 18, 2014, which was served on Defendant on March 11, 2015.  This response is timely filed insofar as a response is due on or before April 1, 2015.

Plaintiff's complaint against Midsun is defective on its face and as such the Complaint must be summarily dismissed pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.  More specifically, Plaintiff is barred by the statute of limitations and/or by laches, and as regards the trademark MIDSUN 570, *res judicata*, as more specifically set forth below.

Coincident with this motion, Defendant filed a Motion for Judicial Notice. In the alternative, it is Defendant's belief that matters that are currently before the USPTO Trademark and Trial Board may nonetheless be considered for the reason that the Plaintiff has made reference to such matters, and is seeking relief in such matters. Therefore, Defendant will argue below that this Court may nonetheless, consider the facts and pleadings of those proceedings in ruling on this Motion.

Next, the Defendant will set forth the bases upon which this Court may dismiss the Plaintiff's state, and then federal claims.

Allegations of the Complaint

Paragraph 3 of Plaintiff's complaint alleges "an action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and for violation of the Connecticut Unfair Trade Practices Act, Connecticut Statute § 42-110. (CUTPA)" The Plaintiff states that its claims under CUTPA "are substantial and related to the claims under federal law, and arise from the same body of operative facts." *Complaint ¶ 3*.

At ¶¶ 7 and 8 of its Complaint, Plaintiff alleges that it has continuously marketed and sold a product described therein under the trademark "570" in the United States since December 31, 1991 until the present day. Plaintiff also alleges that it has continuously marketed and sold another product described therein under the trademark "579" in the United States since 1995 until the present day.

At ¶¶ 12-13 of its Complaint, Plaintiff alleges that Midsun has been aware of Plaintiff's 570 and 579 marks as early as 1995 when Midsun was Plaintiff's authorized dealer, and that Plaintiff terminated its relationship with Midsun in 1999.

At ¶ 23 of its Complaint, Plaintiff further alleges that after 1999, Defendant knew it did not have the right to continue to use these marks and that Midsun was notified in writing of Plaintiff's claim to rights in the 570 trademark; notably, the Plaintiff does not state the date when such writing was made.  Plaintiff also alleges that Midsun had constructive notice of Plaintiff's use of the 579 trademark.

Each of Plaintiff's counts alleged in the Complaint incorporate by reference each of the paragraphs set forth above.

Argument

A.   Standard for Considering a Motion to Dismiss.

Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted when, viewing the allegations in the Complaint in the light most favorable to it and drawing all reasonable inferences in its favor, it appears that Plaintiff can prove no set of facts in support of its claim that would entitle it to relief.  *See*, *United States v. Space Hunters, Inc.*, 2005 U.S. App. LEXIS 24139 (2nd Cir. 2005).  Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss pursuant to Rule 12(b)(6).  *Leeds v. Meltz*, 85 F. 3d. 51, 53 (2d Cir. 1996), affirming decision below, 898 F.Supp. 146 (E.D.N.Y. 1995).

In ruling on a motion to dismiss, a court should consider only those facts stated on the face of the complaint or incorporated into the complaint by reference, and matters of which judicial notice may be taken.  Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of its claim which would entitled it to relief.  *See*, *McKenna v. Wright*, 386 F.3d 432, 435 (2d Cir. 2004).  A complaint can be dismissed for failure to state a claim pursuant to Rule 12(b)(6) motion raising an affirmative defense if "the defense

appears on the face of the complaint." *Id.* (quoting, *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998).

B.  Facts Incorporated by Reference or in the Alternative for which Judicial Notice may be Taken.

Coincident with this Motion, Defendant filed a Motion requesting that the Court take judicial notice of the two trademark oppositions currently pending before the United States Patent and Trademark Office, Trademark Trial and Appeal Board (TTAB), which are referred to in Plaintiff's Complaint at paragraphs 19, 20 and Counts III and IV concerning Midsun's pending applications for the mark "570" and "MIDSUN 570".  The matters addressed in the pending oppositions before the TTAB are relevant and material to matters raised in the Plaintiff's complaint and herein. Although the Defendant had filed a motion and brief requesting that the Court take judicial notice, and the basis and legal authority therefore, Defendant argues in the alternative that the Plaintiff has incorporated by reference into its Complaint, such proceedings and all matters addressed in the oppositions.   Plaintiff among other things, seeks issuance of an order of Refusal from this Court concerning the two matters pending before the TTAB.  It stands to reason, that such an order could not reasonably issue without the Court having a thorough understanding the facts and issues underlying such proceedings.  In *Malin v. Xl Capital Ltd.*, 499 F.Supp.2d 117, 129 (D. Conn., 2007), the court held that:

> Under the "incorporation by reference" doctrine, district courts may consider documents submitted by a defendant on a motion to dismiss if the documents are explicitly relied on in and integral to the plaintiffs complaint. I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co., 936 F.2d 759, 762 (2d Cir.1991); accord Chambers, 282 F.3d at 152-53; Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir.2000); see also Stuto v. Fleishman, 164 F.3d 820, 826 n. 1 (2d Cir.1999) (finding the district court's consideration of a document on a motion to dismiss permissible because the document was discussed in the complaint, and thus incorporated by reference); Int'l Audiotext Network, Inc. v. AT & T Co., 62 F.3d 69, 72 (2d Cir.1995) (per curiam) (holding that even where a document is not

4

incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir.1991) (consideration of documents permissible when there is "undisputed notice to plaintiffs of their contents and [the documents] were integral to plaintiffs' claim"), cert. denied, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); Philadelphia Parking Auth. v. Federal Ins. Co., 385 F.Supp.2d 280, 285 (S.D.N.Y.2005).

The following facts are not in dispute:

On January 3, 2000 Midsun filed an Intent-to-use trademark application for the mark MIDSUN 570. *See,* Exhibit A.

On March 9, 2001 Midsun filed a Statement of Use for the mark MIDSUN 570 (*See,* Exhibit B).

On November 13, 2001, Midsun was issued Registration No. 2,508,019 ('019) for the mark MIDSUN 570, for use with goods in Class 17, "room-temperature vulcanizing silicone rubber coating material for application to electrical equipment for protection against electrical failure." *See,* Exhibit C.

On December 9, 2002, CSL filed a Petition to Cancel that registration, alleging that it would be damaged by the registration of the MIDSUN 570 mark due to priority, likelihood of confusion with CSL's mark, and fraud. *See,* Exhibit D, ¶¶1-8.

Then, in 2005, after Midsun's answer was filed in the cancellation proceeding, CSL filed a "Withdrawal of Petition to Cancel" without Midsun's consent. *See,* Exhibit E.

The Board, pursuant to Trademark Rule 2.114(c), dismissed the petition for cancellation with prejudice. *See,* Exhibit F.

Midsun's registration of '019 remained valid until July 8, 2008, when the registration was cancelled for failure to file a section 8 declaration of use. *See,* Exhibit G.

In ¶¶19-20 of the Complaint, Plaintiff references United States Patent and Trademark Office Trademark Application Serial No. 85/758,631 filed by Midsun for the mark "570", and the related Opposition proceedings instituted by Plaintiff under Trademark Opposition No. 91211059.  As part of that record, Plaintiff filed (as Opposer) a motion for summary judgment[1], to which Plaintiff submitted as an Exhibit, the sworn Affidavit Faisal Huda, President and CEO of CSL.  In such affidavit, Huda states in paragraph 14-15 that CSL terminated its distributor agreement with Midsun in 1999, and cites an October 13, 1999 letter. Defendant does not dispute the distributorship terminated on or about that time.  In the same affidavit, Huda indicates in paragraph 16 and 17, that in 2002 and again in 2003, he was made aware that Midsun was using the mark 570 in connection with the sale of its own products. *See*, Exhibit H.

CSL sought a US trademark registration for "570", May 5, 2000. In an office action dated November 15, 2005, the trademark office refused CSL's registration stating: "Applicant's mark, 570, is similar to registrant's mark, MIDSUN 570.  Both marks contain the number 570, which has the same sound, appearance, and meaning in both marks.  The mere deletion of wording from a registered mark is not sufficient to overcome a likelihood of confusion under Section 2(d)."  On May 17, 2006 the application was deemed abandoned by the U.S. Patent and Trademark Office for failure to respond to the aforementioned office action.  *See*, Exhibit I.

On June 17, 2014, Midsun applied to re-register the mark "MIDSUN 570" for use with the same class of goods bearing the same description as the previous registration.  Exhibit J.

On January 6, 2015, Defendant's mark "MIDSUN 570" was published for opposition in January 2015.  Exhibit K.

---

[1] Docket Entry 5, filed 1/28/14.

Plaintiff instituted an opposition, as mentioned in the Complaint ¶20 which has been assigned Opposition No. 91220508. Midsun filed a responsive motion to dismiss, under F.R.C.P. 12(b)(6) on the basis of res judicata. *See*, Exhibit L, captioned Applicant's Motion For Summary Judgment, filed March 12, 2015. The opposition is under a suspension, dated March 26, 2015, initiated by the Plaintiff, March 23, 2015, pending the outcome of this action. Defendant asserts below that the motion to dismiss pending before the trademark office is dispositive of the matters addressed by this court, as pertains to Count IV of this action, and therefore must be addressed herein.

Of particular importance is that at no time after June 28, 2005, when the Plaintiff's cancellation was dismissed with prejudice by the trademark office regarding Defendant's trademark Midsun 570 registered November 13, 2001, (except for the current pending oppositions to registration and this action), did Plaintiff ever file any claim against Midsun as it pertained to the MIDSUN 570 mark or the 570 mark following, CSL's abandonment of its failed attempt to register the "570" mark.

Defendant Midsun has continued an open and notorious use of the "MIDSUN 570" mark, as early as February 14, 2001, (*See*, Exhibit B). As pertains to the "570" mark, following the May 17, 2006, the abandonment of its application, CSL neither initiated any action against Midsun, nor warned of its objection to Midsun's continued use of the mark until, the Mark was published for opposition on June 4, 2013[2], pursuant to Midsun's trademark registration application filed for the mark in international class 17 on October 23, 2012. And, in the case of the mark, MIDSUN 570, CSL filed its opposition on February 5, 2015, following Midsun's

---

[2] CLS sought registration for the mark "570" in international class 2, by way of application filed on October 26, 2012 which was provisionally refused on February 27, 2013 in light of Midsun's earlier filed application.

7

publication for opposition on January 6, 2015. The mark "570" proceeding has been suspended on request of Plaintiff, pending resolution of the instant matter.

Lastly, the instant Complaint states that Plaintiff holds the registration for mark "579" (issued in 2002), and that Midsun was on constructive notice of Plaintiff's interest in said mark, and that products sold under said mark were also covered by the distribution agreement, now terminated.  Complaint ¶¶ 9-13.  The Huda Affidavit makes a passing reference to the "579" mark, but at no time has CSL ever objected to Midsun's use of the mark "579" until Midsun sought registration of the "570" mark above.

C.   Plaintiff's Claims Count II as to "570" or "MIDSUN 570" are barred by Statute of Limitations.

Plaintiff's claims of unfair competition under Connecticut Statute § 42-110a, The Connecticut Unfair Trade Practices Act (CUTPA), are barred by the statute of limitations, and should therefore be dismissed. The statute of limitations under Connecticut Statute § 42-110a *et seq.* (2012), is three years, and begins to run when the wrongful act occurs. *See,* Conn. Gen. Stat. § 42-110g(f) (2012), and *Argus Research Grp., Inc. v. Argus Media, Inc.*, 562 F. Supp. 2d 260, 279-80 (D. Conn. 2008).  *See* also, *RBC Nice Bearings, Inc. v. Peer Bearing Company*, 676 F.Supp.2d (2009).   In CUTPA cases claiming unfair trade practices due to trademark infringement, the three-year period begins to run at the date of first use of the allegedly infringing mark. *Id.*

Plaintiff states that Midsun's first allegedly unauthorized use of "570" occurred in 1999, and that its registration of "MIDSUN 570" occurred in 2005. Under Connecticut law, Plaintiff would have been required to file a claim relating to "570" by 2002, and to "MIDSUN 570" by 2008. Here, Plaintiff took no action, and failed to file any complaint until now, 2015.

Consequently, plaintiff's claims under Count II are barred by the statute of limitations and should be dismissed.

D.  Plaintiff's Claims as to "579" Count VII are barred by Statute of Limitations.

Likewise, Plaintiff's claims under CUTPA relating to "579" are barred by the statute of limitations, and should therefore be dismissed.  Plaintiff makes nothing more than bare allegations in its complaint regarding "579".  Plaintiff alleges that as a former distributor of the CSL 579 products (prior to 1999), Defendant had actual knowledge that the marks during the life of the distributorship relationship between the parties, and that Defendant knew that it did not have the right to continue using the "570" and "579" marks after termination of the distributorship relationship between Defendant and CSL. Therefore, there is no issue of material fact that CSL was unaware of Midsun's allegedly infringing activities following the termination of the distributorship, in 1999, and therefore the statute of limitations is triggered and as further discussed below, the presumption of laches applies.

E.      All Remaining Counts are Barred by Laches.

Midsun has been using the "570," "MIDSUN 570," and "579" marks and developing consumer recognition and goodwill therefrom since at least 1999, such use being open, notorious and known to Plaintiff.  During this time, Plaintiff failed to take meaningful action to assert the claims on which it bases the present suit, inaction on which Midsun has relied to its detriment. Therefore, all of the claims asserted are consequently barred by the doctrines of laches.  The equitable defense of laches is a fundamental threshold matter that the Court must consider before reaching the merits of Plaintiffs' trademark claims. (*See, Argus Research Group, Inc. v. Argus Media, Inc*., 562 F.Supp.2d 260, 272 (D.Conn. 2008). For laches to operate as a bar to a trademark infringement action, it must be true that: (1) the plaintiff had knowledge of the

defendant's use of its marks; (2) the plaintiff inexcusably delayed taking action; and (3) that permitting the plaintiff to assert its rights would cause unfair prejudice to the defendant. *Saratoga Vichy Spring Co., Inc. v. Lehman*, 625 F.2d 1037, 1040 (2d Cir. 1980). Although laches is an equitable defense and not a statutory one, Second Circuit courts look to the statute of limitations to determine which party bears the burden of proof in a case involving a laches defense. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996). If no relevant statute of limitations applies directly, the court will look to the most analogous statute. *Id.*

Because the Lanham Act does not include a statute of limitations the most analogous statute of limitations applies, which is Connecticut's three-year statute of limitations for fraud. See, *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 410 Fed. Appx. 362, 367 (2d Cir. 2010) (court ; *Conopco*, *supra*; Connecticut Statute §52-577, and *Argus Research Group, Inc. v. Argus Media, Inc.*, 562 F.Supp.2d 260, 272 (D.Conn. 2008) (Conn. Gen. Stat. § 42-110g(f) (2012)). (Held: plaintiff's trademark claims based on "1600 Series" designations are barred by the doctrine of laches). In this instance, the statute of limitations accrues when the wrongful act occurs. While the burden of proof to show the elements of a laches defense is initially on the defendant, once the statute has run, a presumption of laches applies and the burden of proof shifts to the plaintiff, who must show that the bar does not apply. *Conopco, at 191.*

CSL filed its complaint on December 12, 2014, so the pertinent date for laches purposes is December 12, 2011. As discussed below, because the wrongful acts alleged in plaintiff's complaint took place prior to December 12, 2011, the statute of limitations has run, and the presumption of laches applies.. CSL had knowledge of Midsun's use of the 570, MIDSUN 570 and 579 marks prior to December 12, 2011. The analysis on this point is as follows:

1.      Marks: MIDSUN 570 and 570

At least as early as 2002, when CSL filed a notice of opposition to Defendant's registration of MIDSUN 570, it was also aware of Defendant's use of 570.  In addition, Mr. Huda's affidavit clearly states that he was aware that Midsun was using the mark "570" in the United States.  Although it is Defendant's position that CSL possessed the requisite knowledge, the court in the RBC case, found that actual knowledge is not required; rather, the issue was whether the plaintiff therein should have known about the alleged infringing use. RBC at 25-26.

In RBC, the court considered the fact that the alleged infringer (Peer) had been actively and continuously selling and advertising its products under the complained of marks, which also appeared in Peer's product catalogs. Id. at 26-27. The court concluded that that RBC had constructive knowledge of Peer's use of the complained of marks at least 6 years prior to the filing of its complaint alleging claims under CUTPA and trademark infringement under the Lanham Act, among other similar claims. Id. at 28.  Given this prior constructive knowledge, and the unexplained reason for such delay in bringing the suit, the Court held that RBC was barred by the laches doctrine.  Id. at  29.

In the instant matter, CSL was aware of Midsun's use of the marks "570" and "MIDSUN 570" long before December 12, 2011. The 14 year delay is inexplicable, and is presumptively unreasonable. *See,* RBC, at 25.

Permitting CSL to assert its rights at this time would cause unfair prejudice to the Midsun.  Had CSL had any interest in protecting any claim of right, it could have done so before now. In November 15, 2005, the USPTO refused CSL's registration for the mark "570", stating: "Applicant's [CSL's] mark, 570, is similar to registrant's mark, MIDSUN 570.  Both marks contain the number 570, which has the same sound, appearance, and meaning in both marks

11

(Complaint, para. 23). Thereafter, Plaintiff failed to follow through with an earlier TTAB Petition to Cancel in 2005, and then took no further action. Instead, CSL decided to sit on its rights and allegedly allow possible damages to accumulate, as well as allow Midsun to gain rights and secondary meaning in its marks "570" and "MIDSUN 570". Allowing CSL to unexpectedly pursue this stale claim would only serve to resurrect an environment of branding uncertainty which Midsun believed was disposed a decade ago.

2.     Mark: 579

Plaintiff alleges that as a former distributor of the CSL 579 products (prior to 1999), Defendant had actual knowledge of CSL's marks during the life of the distributorship relationship between the parties, and that Defendant knew that it did not have the right to continue using the 579 marks after termination of the distributorship relationship between Defendant and CSL.  Plaintiff's claims regarding infringement arguably also date back to the late-1999s after the termination of the distribution agreement.  Hereto, the Court may reasonable find that CSL had constructive knowledge of Midsun's use of the 579 mark. As above, the failure to take timely action, triggers both the statute of limitations and the presumption of laches applies.  Similarly, permitting CSL to assert its rights with respect to the 579 mark at this time would cause unfair prejudice to the Midsun.

F.     Plaintiff's Claims as to "MIDSUN 570",  Count IV are Barred as Res Judicata

Plaintiff in Count IV asserts 15 U.S.C. § 1119 as grounds that  this court is authorized to determine the right to registration, order the cancelation of registrations and inter alia rectify the register with respect to the registrations of any party to the action. In the Complaint ¶20

Plaintiff states that it instituted an opposition, which had been assigned Opposition No. 91220508. Midsun filed a responsive motion to dismiss March 12, 2015, under F.R.C.P. 12(b)(6) on the basis of res judicata. *See*, Exhibit L. Defendant asserts that the motion to dismiss pending before the trademark office is dispositive of the matters addressed in this action by this court, and therefore, under 15 U.S.C. § 1119, the arguments and evidence presented therein must be incorporated herein and thereby considered. Note, as discussed above and in the Defendant's motion based on res judicata before the trademark office, a previous effort by the Plaintiff to cancel MIDSUN 570 failed when the Trademark Trial and Appeals Board dismissed its petition for cancellation with prejudice, June 28, 2005. Because this dismissal was a final judgment on the merits, based on the same core of operative facts, both here and in the present opposition, Plaintiff's claim under Count IV is barred under the doctrine of res judicata.

## CONCLUSION

Plaintiff's claims in Counts II and VII, based on unfair competition under CUTPA, are barred by the statute of limitations, and should therefore be dismissed. In each of these instances concerning the 570, MIDSUN 570 and the 579 mark, the doctrine of laches should be applied. Defendant would respectfully request this Court adopt the rationale expressed by the RBC Court, in this case:

> This case exemplifies the rationale underlying the laches defense. As the Supreme Court stated long ago, "The doctrine of laches is based upon grounds of public policy, which require for the peace of society the discouragement of stale demands; and where the difficulty of doing entire justice by reason of the death of principal witness or witnesses, or from the transactions having been obscured by time, is attributable to gross negligence or deliberate delay, a court of equity will not aid a party whose application is thus destitute of conscience, good faith, and reasonable diligence." Mackall v. Casilear, 137 U.S. 556, 566, 11 S.Ct. 178, 34 L.Ed. 776 (1890). RBC, at 28.

Additionally, as pertains to MIDSUN 570, Count IV in this action is barred under the doctrine of res judicata. In conclusion, Defendant, Midsun Group, Inc., moves for dismissal of all claims and counts, with prejudice for the reasons set forth.

Finally, Defendant would respectfully request an award of attorney's fees pursuant to *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 195 (2d Cir. 1996).

Respectfully submitted,

_____
Joseph R. Carvalko, Esq.
Attorney for Defendant

CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a copy of the forgoing was sent via Email this 30th day of March, 2015 to: Michael J. Rye, Cantor Colburn, LLP, 20 Church Street, 22nd Floor, Hartford, CT 06103, attorney for CSL, email: mrye@cantorcolburn.com; with a courtesy copy to Of Counsel, Jack Clifford, Esq., Rachel K. Zimmerman, Esq. and Katherine E. Muller, Merchant & Gould, PC, 3200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402-2215 USA, Attorney's for CSL Silicones, Inc. Email: jclifford@merchantgould.com; rzimmerman@merchantgould.com; kmuller@merchantgould.com.

_____
Joseph R. Carvalko, Esq.
Law Offices of Joseph R. Carvalko
50 Beach Avenue
Milford, CT 06460-8155
Attorney for Defendant
carvalko@sbcglobal.net;
and tech4u2day@gmail.com
(203) 876-1342