**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------x
                              :
CSL SILICONES, INC.           :    Civil No. 3:14CV01897(CSH)
                              :
v.                            :
                              :
MIDSUN GROUP, INC.            :    April 1, 2016
                              :
------------------------------x
```

### ORDER ON CROSS MOTIONS TO MODIFY
### THE SCHEDULING ORDER [Doc. ##61,62]

Pending before the Court is the motion of defendant Midsun Group, Inc. ("defendant") to modify the current scheduling order. [Doc. #61]. Plaintiff CSL Silicones, Inc. ("plaintiff") has cross-moved to modify the scheduling order, and proposes a shorter extension of the scheduling order deadlines than that proposed by defendant. [Doc. #62]. Upon review, and for the reasons articulated below, the Court **GRANTS** defendant's Opposed Motion to Modify the Scheduling Order [**Doc. #61**], and **DENIES** plaintiff's Motion to Modify the Scheduling Order [**Doc. #62**].

Defendant seeks an eight-month extension of the <u>original</u> scheduling order deadlines, contending that: such an extension is reasonable in light of the posture of the case; good cause supports the request; and that the requested extension would not result in prejudice to plaintiff. Plaintiff contends that

1

defendant's requested extension is unduly long in light of the age of the case, and instead requests a five-month extension of the current scheduling order deadlines, commencing with the deadline for plaintiff's expert disclosures. Plaintiff also argues that good cause supports its request and submits that any delay beyond its requested five-month extension would be prejudicial as defendant continues to use infringing marks belonging to plaintiff.

The parties' competing schedules differ by just one month. Compare Doc. #61 at 3 (defendant's proposed schedule requesting, inter alia, a fact discovery deadline of October 31, 2016, and a dispositive motions deadline of December 13, 2016), with Doc. #63 at 4 (plaintiff's proposed schedule requesting, inter alia, a fact discovery deadline of September 29, 2016, and a dispositive motions deadline of November 13, 2016).[1] Although plaintiff may suffer some prejudice by extending the deadlines an additional month past that requested, any such prejudice

---

[1] In the future, the parties are encouraged to make a more concerted effort to reach compromise without requiring Court intervention. The language of plaintiff's motion suggests that the parties are light years apart in their requested deadlines. See Doc. # 63 at 5-6 (describing plaintiff's request as "reasonable" and defendant's request as "a significant extension," "unduly long," and causing "undue delay"). Yet, a review of the proposed schedules reflects that the parties are in fact in the same galaxy, and orbiting the same planet.

posed would be minimal in light of the five-month extension sought by plaintiff. Further, by entering defendant's proposed schedule, the Court hopes to obviate the need for any further extensions of the scheduling order. Accordingly, the Court **GRANTS** defendant's Opposed Motion to Modify the Scheduling Order [**Doc. #61**], and **DENIES** plaintiff's Motion to Modify the Scheduling Order [**Doc. #62**].

Therefore, the Court hereby enters the following Amended Scheduling Order:

- Defendant shall file a response to the Complaint within **thirty (30) days** of the Court's ruling on defendant's Motion for Reconsideration [Doc. #64];
- Plaintiff shall file any motion to join additional parties or amend the pleadings (if applicable) within **forty-five (45) days** of the Court's ruling on defendant's Motion for Reconsideration [Doc. #64];
- Defendant shall file any motion to join additional parties or amend the pleadings (if applicable) within **fourteen (14) days** of plaintiff's motion to join additional parties or amend the pleadings (if any);
- **August 15, 2016,** for plaintiff to designate any trial experts and disclose Fed. R. Civ. P. 26(a)(2) material;

- **August 15, 2016,** for plaintiff to provide a damages analysis;

- **September 15, 2016,** for defendant to designate any trial experts and disclose Fed. R. Civ. P. 26(a)(2) material;

- **September 15, 2016,** for defendant (if a counterclaim is then pending) to provide a damages analysis;

- **October 31, 2016,** for the completion of fact discovery;

- **November 30, 2016,** for the completion of all discovery, including the depositions of all experts (and rebuttal experts) pursuant to Fed. R. Civ. P. 26(b)(4);

- **December 13, 2016,** for the filing of dispositive motions;

- The Joint Trial Memorandum shall be filed on or before **February 6, 2017,** or within sixty (60) days of the Court's ruling on the last pending dispositive motion, whichever is later; and

- This matter shall be trial ready by **March 6, 2017,** or thirty (30) days from the date on which the joint trail memorandum is filed, whichever is later.

The parties are advised that agreements regarding particular deadlines will not constitute extensions of those deadlines, and that the Court will not be bound by any informal

4

agreements of the parties. The Court expects the parties to continue to pursue this matter in a timely fashion.

**Further, absent extraordinary circumstances, and in light of the schedule entered above, the Court does not anticipate granting any further extensions of the now-effective scheduling order deadlines.**

The parties are encouraged to contact chambers to schedule a follow-up settlement conference, should it become productive to do so.

This is not a Recommended Ruling. This is an order regarding case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 1st day of April 2016.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE