# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

CSL SILICONES INC.,

      Plaintiff,

  v.                 3:14-cv-01897 (CSH)

MIDSUN GROUP INC.,

      Defendant.

## RULING ON MOTION FOR RECONSIDERATION

HAIGHT, Senior District Judge:

    Defendant Midsun Group Inc. ("Midsun") moves for reconsideration of the Court's ruling on Defendant's motion to dismiss, reported at  2016 WL 1060189 (D. Conn. Mar. 15, 2016) (the "Ruling").  "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Familiarity with the Ruling is assumed.

    Defendant moves for reconsideration only of the Court's decision not to dismiss Count I of Plaintiff's complaint.  Count I is a claim for unfair competition under the federal Lanham Act, 15 U.S.C. § 1125(a), brought in relation to Defendant's allegedly improper use of Plaintiff's "570" mark. Count II was brought under the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. § 42-110a, also in relation to Defendant's allegedly improper use of Plaintiff's "570" mark.  In the Ruling, the Court held that Plaintiff's CUTPA claim as to "570" is barred by CUTPA's three-year statute of limitations.  2016 WL 1060189, at *8.  However, the Court let Plaintiff's Lanham Act claim as to

"570" survive. This was because the timeliness of a Lanham Act claim is governed not by a limitations period, but by the doctrine of laches, a doctrine unavailable to Defendant at this stage given Plaintiff's allegations that Defendant was (and is) an intentional infringer. *Id.* at *8-10 (quoting, *inter alia*, *Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104 (2d Cir. 2000)). In so holding, the Court expressly rejected Defendant's argument that if Plaintiff's CUTPA claim as to "570" is barred pursuant to the statute of limitations, then Plaintiff's Lanham Act claim as to "570" must, as a matter of law, also be time-barred. *Id.* at *8.

In its reconsideration motion, Defendant asserts—"respectfully," of course—that this Court got it wrong. Defendant once again proffers its argument that Plaintiff's Count I Lanham Act claim and Count II CUTPA claim "are the same (in relevant respects) and must be treated in the same way. Defendant asserts that the same claims, must be treated the same, and thus must be dismissed on the same basis: the application of the statute of limitations." Doc. 71, at 2.

Defendant's argument has intuitive force. Yet, intuitive force alone. No matter how much Defendant protests, equitable causes of action—such as the Lanham Act—are not governed by statutes of limitations. Rather, they are governed by laches, "[t]he equitable doctrine by which a court denies relief to a claimant who has unreasonably delayed in asserting the claim, when that delay has prejudiced the party against whom relief is sought." Black's Law Dictionary (10th ed. 2014). As supported by ample citation in the Ruling, however, statutes of limitations are not irrelevant in assessing the timeliness of an equitable claim. Rather, it has been a long-standing principle that statutes of limitation are consulted to determine which party bears the burden of establishing the presence—or lack thereof—of an unreasonable delay in filing suit. Specifically, as to the Lanham Act:

-2-

> Because the Lanham Act does not prescribe a statute of limitations, federal courts often "look to 'the most appropriate' or 'most analogous' state statute of limitation" to determine when the presumption of laches applies to Lanham Act claims. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996). If the most closely analogous state statute of limitations has not run, the presumption of laches does not attach and the defendant bears the burden of proving the defense. *Id.* But once the analogous state statute of limitations has run, the burden shifts to the plaintiff to show why laches should not apply. *Id.*

*Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l B.V.*, 809 F.3d 737, 745-46 (2d Cir. 2016).[1]

In other words, Defendant is undoubtedly incorrect when it again argues that "because the Lanham Act does not include a statute of limitations the most analogous statute of limitations *applies*." Doc. 64, at 2 (emphasis added). Rather, as to the Lanham Act, the statute of limitation's effect is limited only to its role in the above-quoted burden-shifting paradigm.

Despite an effort to distinguish the *facts* of some of the cases relied on by the Court, as well as *Federal Treasury Enterprise*, Defendant has proffered no authority demonstrating controlling *law* to be otherwise. Moreover, Defendant makes no effort to distinguish the principal case relied on in the Ruling for the proposition that statutes of limitations do not apply to Lanham Act claims: *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187 (2d Cir. 1996). In *Conopco*, the Second Circuit held that because plaintiff's claim was brought "within the six year analogous period of limitations, the district court properly determined that there was no presumption of laches." *Id.* at 192. Nevertheless, the court of appeals agreed with the district court that plaintiff's delay in bringing suit was unduly prejudicial and his claim was thereby barred by laches. The impact of that holding is

---

[1] In the Ruling, the Court applied this standard, holding that Plaintiff had the burden of proving that its claim was not barred by laches in light of the fact that the analogous three-year limitations period had run. However, the Court held that Plaintiff met that burden by alleging Defendant intentionally infringed on its mark.

-3-

unmistakable: a statute of limitations does not apply to Lanham Act claims. If it did, the *Conopco*-plaintiff's claim would have been timely as a matter of law. Rather, *Conopco* makes clear that the statute of limitations serves only to effect who has the burden of demonstrating the applicability of laches. In *Conopco*, the defendant met that burden.

Rather than distinguish *Conopco*—which is undoubtedly still good law in this Circuit—Defendant points the court to a California district court decision which cited *Conopco*: *Baby Trend, Inc. v. Playtex Products, LLC*, 2013 WL 4039451 (C.D. Cal. Aug. 7, 2013). Defendant argues that *Baby Trend* somehow "clarifies" *Conopco*. Doc. 64, at 5. Not so. *Baby Trend* only cited *Conopco* for the irrelevant proposition that the proper analogous statute of limitations for a false advertising claim is that for a fraud claim.[2] *Id.* at *3. It is entirely unclear how *Baby Trend* "clarified" *Conopco* in any remotely relevant way.

It is true that after relying on *Conopco* for the irrelevant point discussed above, the *Baby Trend* court ultimately concluded that "California's statute of limitations for fraud should apply to Lanham Act claims." *Id.* The court did so in light of its determination that two district "courts in the Ninth Circuit have recognized that the closely analogous statute of limitations may be a distinct defense to Lanham Act claims," and that "these cases suggest that a statute-of-limitations defense to Lanham Act claims exists separate and apart from a laches defense." *Id.* This is precisely the law Defendant seeks to have this Court apply. However, Defendant is mistaken if it believes this Court

---

[2] The *Baby Trend* court did state that the *Conopco* court was "*applying* New York's six-year fraud statute of limitations to a Lanham Act false-advertising claim." 2013 WL 4039451, at *3 (emphasis added). To the extent that use of the term "applying" was in the context of application of the analogous limitations period, the *Baby Trend* court erred. As the language above makes clear, *Conopco* did not "apply" the statute of limitations, it relied on it by analogy to conduct a laches analysis, ultimately finding the claim untimely despite being filed within the limitations period. 95 F.3d at 192.

will reconsider its holding in light of a California district court's novel interpretation of Ninth Circuit law that directly contradicts binding law in this Circuit.  The Second Circuit is clear, and it has reiterated its position repeatedly, and recently, notably in *Federal Treasury Enterprise*: courts are not to "apply" statutes of limitations to Lanham Act claims, but are only to use them by analogy for the purpose of determining burden of proof.  This Court's Ruling correctly applied that controlling Second Circuit law.  Defendant's motion is entirely without merit.  It is DENIED.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
**June 27, 2016**

*/s/ Charles S. Haight, Jr.*
**Charles S. Haight, Jr.**
**Senior United States District Judge**